Natasha K. Buchanan (Bar No. 267353)
Colin K. McCarthy, Esq. (Bar No. 215059)
Members of
LANAK & HANNA, P.C.
625 The City Drive South, Suite 190
Orange, CA 92868
Telephone: (714) 620-2350
Facsimile: (714) 703-1610
nkbuchanan@lanak-hanna.com
ckmccarthy@lanak-hanna.com

Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation,<br><br>             Plaintiff,<br><br>v.<br><br>MICHAEL FALLAS, an individual;<br>ILANIT FALLAS, an individual;<br><br>             Defendants. | CASE NO.: 2:19-CV-1193<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT**<br><br>**2. SPECIFIC PERFORMANCE**<br><br>**3. DECLARATORY RELIEF**<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff, Great American Insurance Company, an Ohio corporation, states as follows:

## PARTIES

1.    Plaintiff, Great American Insurance Company, ("GAIC") is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

2.    Defendant, Michael Fallas ("M. Fallas") is an individual residing in the County of Los Angeles.

3.    Defendant, Ilanit Fallas ("I. Fallas") is an individual residing in the County of

Los Angeles.

## JURISDICTION AND VENUE

4.     This Court has diversity jurisdiction of this action under 28 U.S.C. §1332(a)(1), because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

5.     Venue of this action in this Court is proper under 28 U.S.C. § 1391(b)(1) because the Defendants reside in this district in the State of California.

## FACTUAL ALLEGATIONS

6.     On or about October 19, 2016, M. Fallas and I. Fallas, (collectively "the Defendants"), and each of them, entered into a certain General Indemnity Agreement ("Indemnity Agreement"), as consideration for GAIC issuing bonds on behalf of Caribbean Island Stores, LLC as principal.  A true and correct copy of the Indemnity Agreement is attached hereto as **Exhibit 1** and incorporated herein by reference.

7.     The Indemnity Agreement expressly states, in part:

"3. That the Undersigned will perform all the obligations of any such Bond or Bonds and will at all times exonerate, indemnify and keep indemnified the Surety from and against any and all liability, loss, costs, damages, expenses, counsel and attorney's fees, claims, demands, suits, judgments, orders and adjudications that the Surety shall or may for any cause at any time sustain, incur or become subject to by reason of executing any such Bond or Bonds…"

8.     Pursuant to Paragraph 6 of the Indemnity Agreement:

"6. That in the event of claim or suit against the Surety on any such Bond or Bonds the Undersigned shall immediately upon demand place the Surety in current funds sufficient to indemnify the Surety up to the full amount claimed or for which suit is brought plus potential interest, attorney's fees and costs, or for the amounts set by the Surety as loss and/or expense reserves whether or not the Surety has made any loss payments. The Surety may make more than one such demand. The Surety shall have no obligation to invest or to provide a return on any such payment or any other collateral deposited with the Surety. The Undersigned acknowledge that the failure of the Undersigned to

immediately deposit with the Surety the sum demanded will cause irreparable harm to the Surety for which the Surety has no adequate remedy at law. The Undersigned agree that the Surety shall be entitled to injunctive relief for specific performance of any and all of the obligations of the Undersigned under this Agreement including the obligation to pay the Surety the sum demanded, and hereby waive any claims of defense to the contrary…"

9.     As stated in Paragraph 12 of the Indemnity Agreement:

"12. The Undersigned will, on request of the Surety, procure the discharge of Surety from any Bond(s) and all liability by reason thereof. If such discharge is unattainable, the Undersigned will, if requested by Surety, either deposit collateral with Surety, acceptable to Surety, sufficient to cover all exposure under such Bond(s), or make provision acceptable to Surety for the funding of the bonded obligations(s)."

10.     Thereafter, in consideration of the Indemnity Agreement and in reliance on each of the Defendants' promises to indemnify GAIC from any and all liability, loss, costs, damages, expenses, counsel and attorney's fees, claims demands, suits, judgments, orders and adjudications, GAIC, as surety, issued several bonds ("Bonds") on behalf of Caribbean Island Stores, LLC, as principal.

11.     Pursuant to the terms of the Indemnity Agreement, on February 6, 2019, Plaintiff demanded that Defendants M. Fallas and I. Fallas save Plaintiff harmless and indemnify, defend, and reimburse Plaintiff from and against any and all claims, losses and expenses incurred and to post collateral security and deposit with Plaintiff a sum of money in the amount of $520,097.50 as a result of certain claims made against the Bonds.  A true and correct copy of the demand is attached hereto as **Exhibit 2** and incorporated herein by reference.

12.     The Defendants failed and refused to perform their obligations to GAIC as demanded by GAIC, and are in breach of the Indemnity Agreement.

///

///

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### (As Against M. Fallas and I. Fallas)

13.    GAIC incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 12 of the Complaint.

14.    Pursuant to the terms of the Indemnity Agreement, the Defendants owed contractual obligations to GAIC to post collateral as requested.

15.    The Defendants breached the Indemnity Agreement by failing and refusing to deposit collateral with GAIC as demanded by GAIC. As a direct and proximate result of the Defendants' breach of the Indemnity Agreement, GAIC has suffered damages in the sum of at least five hundred twenty thousand and ninety-seven and fifty cents ($520,097.50), plus additional expenses, including attorney fees and costs, interest as provided by the terms of the Indemnity Agreement.

16.    The terms of the Indemnity Agreement also provide for GAIC to recover attorney's fees and costs if required to seek reimbursement from the Defendants.

## SECOND CAUSE OF ACTION

### (Specific Performance)

### (As Against M. Fallas and I. Fallas)

17.    GAIC refers to and incorporates herein by reference as though fully set forth below its allegations contained in Paragraphs 1 through 12 above.

18.    As set forth above, Defendants and GAIC, and each of them, entered into the Indemnity Agreement on or about October 19, 2016.

19.    The consideration set forth in the Indemnity Agreement was and is adequate, just, and reasonable.

20.    GAIC made written demand upon Defendants, and each of them, to deposit with the Surety an amount sufficient to discharge any claim on the Bonds.

21.    GAIC has performed all of the conditions and obligations to be performed on its part under the Indemnity Agreement and the Bonds, except for those conditions waived,

excused, or not yet required to be performed.

22.    Defendants, and each of them, have failed and refused, and continue to fail and refuse to perform as demanded and as previously agreed.

23.    GAIC is entitled to an order granting specific performance of the Indemnity Agreement, including an order directing Defendants to indemnify GAIC and perform pursuant to the terms of the Indemnity Agreement to deposit with GAIC an amount sufficient to discharge any claim on the Bonds.

## THIRD CAUSE OF ACTION

## (Declaratory Relief)

## (As Against M. Fallas and I. Fallas)

24.    GAIC refers to and incorporates herein by reference as though fully set forth below its allegations contained in Paragraphs 1 through 12 above.

25.    An actual controversy has arisen and now exists between GAIC and Defendants, and each of them, concerning their respective rights and duties under the Indemnity Agreement, **Exhibit 1**. GAIC contends that, by virtue of the Indemnity Agreement, Defendants, and each of them, are obligated to reimburse GAIC for any and all losses it has already sustained, and might sustain under the Bonds, including reasonable attorneys' fees and costs heretofore incurred and for reasonable costs which might be incurred in the future as a result of the alleged conduct of Defendants, which gave rise to the claims and suits that have been asserted against GAIC.

26.    Defendants, and each of them, on the other hand, by virtue of their refusal to honor the contractual obligations herein, contend that the Indemnity Agreement does not obligate them, nor any of them, to reimburse GAIC for any losses, including attorneys' fees and costs that GAIC has sustained and incurred under the Bonds, above mentioned, or to hold GAIC harmless for any and all damages, judgment, or other awards which may be recovered against GAIC as a result of the actions of Defendants.

27.    GAIC desires a judicial determination of the respective rights and duties of GAIC and Defendants, and each of them, under the Indemnity Agreement, and a

declaration that Defendants, and each of them, are obligated to reimburse GAIC for any losses sustained by it, including attorneys' fees and costs and to hold GAIC harmless from any and all damages, judgment or other awards which may be obtained against GAIC as a result of its principal's alleged wrongful conduct.

28.     Such declaration is necessary and appropriate at this time in order that GAIC may ascertain its rights and duties with respect to the Indemnity Agreement, and with respect to payment of any damages, judgments, or other awards which have already been recovered, and may be recovered against GAIC as a result of the claims being asserted against it by reason of the Bonds.

**WHEREFORE**, GAIC respectfully requests that the Court grant judgment in its favor and against all Defendants as follows:

**COUNT ONE**

1.     For judgment against Defendants, and each of them, for damages in the amount of at least five hundred twenty thousand and ninety-seven and fifty cents ($520,097.50), interest at the legal rate.

**COUNT TWO**

2.     For a judgment of this Court of specific performance, ordering Defendants, and each of them, to indemnify GAIC and perform pursuant to the terms of the Indemnity Agreement to deposit with GAIC an amount sufficient to discharge any claim on the Bonds.

**COUNT THREE**

3.     For a declaration that the Indemnity Agreement between Plaintiff and Defendants, and each of them, obligates Defendants, and each of them, to reimburse GAIC for any losses it might sustain by reason of the claims being asserted against its bond including actual attorneys' fees and costs incurred by GAIC in defending itself against said claims, prosecuting this claim against Defendants and to indemnify GAIC against any and all damages, judgments, or other awards which may be recovered against GAIC as a result of the actions of its principal.

///

**ON ALL COUNTS**

4.     For costs of suit incurred herein;

5.     For reasonable attorneys' fees; and

6.     For such other relief as the Court may deem just and proper.


**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury on all issues so triable.


DATED:  February 15, 2019          Respectfully submitted,
                                   LANAK & HANNA, P.C.


                                   By:   /s/Colin K. McCarthy
                                       NATASHA K. BUCHANAN
                                       COLIN K. MCCARTHY

                                   Attorneys for Plaintiff
                                   GREAT AMERICAN INSURANCE
                                   COMPANY
                                   Email: nkbuchanan@lanak-hanna.com
                                          ckmcarthy@lanak-hanna.com